# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID AUGUST KILLE, SR.,

      *Petitioner*,

vs.

WARDEN BRIAN WILLIAMS, *et al.*,

      *Respondents*.

Case No. 2:17-cv-01118-APG-VCF

**ORDER**

   This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis*, on his motion (ECF No. 2) to raise his copy credit limit, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid, and the Court therefore will deny the pauper application as moot and proceed to initial review.[1]

### *Background*

   Petitioner seeks to challenge his custody under his September 19, 2003, Nevada state conviction, pursuant to a guilty plea, of one count of sexual assault with a minor under sixteen years of age and one count of attempted sexual assault with a minor under sixteen years of age, in No. C193193 in the state district court.[2]

   Petitioner filed a federal petition in this Court challenging the same conviction in No. 3:06-cv-00492-LRH-VPC. The Court denied that petition as untimely on July 12, 2007; and the Court of Appeals denied a certificate of appealability on January 29, 2008, under No. 07-16628 in the appellate court.

---

  [1]Petitioner seeks to style his petition as one arising instead under 28 U.S.C. § 2241. However § 2254 is the exclusive vehicle for bringing a habeas petition by an inmate in custody under a state court judgment of conviction, without regard to the target of the petition. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9ᵗʰ Cir. 2004).

  [2]See No. 3:06-cv-00492-LRH-VPC, ECF No. 22-3, at 7-9; Exhibit 6. The Court takes judicial notice of its own records as well as the online dockets of the state courts and the Ninth Circuit Court of Appeals. Petitioner refers to the conviction as dated September 4, 2003, but that was the date of his sentencing, not the date that the judgment of conviction was entered.

Petitioner thereafter filed, *inter alia*, a petition for a writ of coram nobis in No. 2:14-cv-01391-APG-VCF. The Court held that coram nobis relief was not available because petitioner's exclusive procedural vehicle for challenging his custody pursuant to a state judgment of conviction in federal court was a § 2254 habeas petition. Construed as such, the Court held that the petition was successive; and, under the procedures in place at that time, transferred the matter to the Court of Appeals as a successive petition. The Court of Appeals denied petitioner authorization to file a second or successive petition, under No. 14-73259 in that court. The Court of Appeals further rejected petitioner's effort to pursue the matter instead as a petition for a writ of coram nobis.

The Ninth Circuit's online docket further reflects that, on May 17, 2016, petitioner filed an application for authorization to file a second or successive petition in the Court of Appeals, under No. 16-71495 in that court. Petitioner sought authorization to pursue a second or successive petition alleging, *inter alia*, that the State's alleged failure to properly apply good time credits constituted a breach of the plea agreement. The Court of Appeals denied authorization to file a second or successive petition on January 20, 2017; and the appellate court denied petitioner's motion for reconsideration of that denial on April 7, 2017.

Only a matter of days later, on or about April 17, 2017, petitioner mailed the present federal petition in this matter to the Clerk of this Court for filing. Petitioner challenges his custody under the same September 19, 2003, judgment of conviction in No. C193193 in the state district court. He maintains, *inter alia*, that the State's alleged failure to properly apply good time credits constitutes a breach of the plea agreement. He seeks a writ of habeas corpus vacating the judgment of conviction in that case and returning him to the *status quo ante* as to the plea agreement.

There have been no intervening amended or corrected judgments of conviction in the state district court subsequent to the September 19, 2003, original judgment of conviction.

### *Discussion*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007).

1    In the present petition, petitioner seeks to challenge his custody under the same judgment of

2 conviction that he previously challenged in No. 3:06-cv-00492. The present petition constitutes a

3 second or successive petition because that prior petition was dismissed as untimely. *See McNabb v.*

4 *Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009)(holding that the dismissal of a federal petition on the

5 ground of untimeliness is a determination on the merits for purposes of § 2244(b)).

6    The Court of Appeals denied petitioner authorization to file a second or successive petition on

7 substantially the same grounds presented in the current petition virtually immediately prior to

8 petitioner's filing of the current petition. That denial is law of the case and binding on this lower court.

9    Petitioner's argument in the petition as to why – despite the Ninth Circuit's clear denial of

10 authorization, to which he does not refer – he is not required to obtain authorization further is meritless.

11    Petitioner urges that he is not required to obtain authorization to file a second or successive

12 petition because the prior dismissal was not on the merits. Ninth Circuit law clearly establishes,

13 however, that a dismissal on the basis of untimeliness constitutes a determination on the merits for

14 application of successive petition rules. *McNabb, supra*.

15    Petitioner further maintains that he cannot be charged with abuse of writ because he allegedly

16 was unaware of the factual basis of his breach of contract claim with regard to the plea agreement. To

17 the extent that such an argument might have any bearing on whether petitioner may pursue a successive

18 petition, he must present the argument to the Court of Appeals in an application for authorization to file

19 a second or successive petition. That authorization has been denied by the Ninth Circuit.[3]

20    Petitioner's arguments seeking to overcome the known successive-petition issue are wholly

21 without merit, and further proceedings in this matter would be an improvident application of limited

22 judicial resources. The action therefore will be dismissed for lack of jurisdiction.

23

24    ―――――――――――――

[3]Petitioner further urges that he only recently began serving the consecutive sentence on the second charge on
25 which he was convicted. That point has nothing to do with whether his petition is successive. Petitioner further refers
to the Court's order in No. 2:15-cv-00062-JCM-GWF that it could not address his breach of contract claim. However,
26 the Court held that it could not address the claim because it was not presented in the pleadings in that matter; and the
Court further held that it could not construe the petition in that matter to include such a claim because it would render
27 the petition a successive petition. See No. 2:15-cv-00062, ECF No. 26, at 5 & n.2. The Court's order in the prior case
did not – and could not – authorize petitioner to pursue a second or successive petition. Only the Court of Appeals can
28 do so, and the Court of Appeals clearly has denied such authorization.

1       **IT THEREFORE IS ORDERED** that petitioner's application (ECF No. 1) to proceed *in forma*

2 *pauperis* is **DENIED** as moot following upon the payment of the filing fee.

3       **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition and that the petition

4 is **DISMISSED** without prejudice for lack of jurisdiction as a successive petition.[4]

5       **IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 2) to raise his copy credit

6 limit is **DENIED** as moot following upon the dismissal of the action and further because petitioner did

7 not present documentation establishing that his copy credit limit had been exceeded currently.

8       **IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED** as reasonable

9 jurists would not find the district court's dismissal of the petition as successive to be debatable or

10 wrong, for the reasons discussed herein. The present petition represents a frivolous attempt to

11 circumvent the rules governing second or successive (SOS) petitions in general and a recent SOS denial

12 by the Ninth Circuit in particular.

13       **IT FURTHER IS ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,

14 that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney

15 General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this

16 order to his office. **No response is required from respondents other than to respond to any orders**

17 **of a reviewing court.**

18       The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against

19 petitioner, dismissing this action without prejudice.

20       Dated: October 26, 2017.

21

22

23

                               _____

24                            ANDREW P. GORDON
                             United States District Judge

25

26

---

27       [4]The filing of the petition does not signify that the papers presented are free of other deficiencies. *Inter alia*,

28 petitioner must file a petition on the Court's required § 2254 petition form. Further, petitioner's arguments therein under *Mayle v. Felix*, 545 U.S. 644 (2005), seeking to overcome the clear untimeliness of the petition also are meritless.